**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10074 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00107-HSG-1 |
| v. | |
| JAMES PHILIP LUCERO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted September 14, 2020
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and MÁRQUEZ,** District Judge.

Because the facts of this case are articulated in the concurrently filed published opinion, we do not repeat them here. James Lucero claims that the district court committed three trial errors: (1) it erroneously allowed expert

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

testimony on the ultimate issue of whether the fill sites were waters of the United States; (2) it rejected his proposed "other waters" jury instruction; and (3) it erroneously excluded the declaration of Agent Su of the United States Environmental Protection Agency ("EPA"). We reject each claim.

The district court did not abuse its discretion by allowing the government's experts to testify that the fill sites were, in their opinion, "waters of the United States." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (decision to allow expert testimony reviewed for abuse of discretion). Federal Rule of Evidence 704 specifically allows testimony on an ultimate issue, and "it is sometimes impossible for an expert to render his or her opinion on a subject without resorting to language that recurs in the applicable legal standard." *United States v. Diaz*, 876 F.3d 1194, 1198–99 (9th Cir. 2017) (upholding expert's testimony that a doctor's prescriptions were "outside the usual course of professional practice," which was an element of the crime); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) ("[A] witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.") (citation omitted). And the district court specifically instructed the jury about the definition of waters of the United States and told them it was *their* responsibility to determine whether the fill sites fell within that definition. *Cf. Weitzenhoff*, 35 F.3d at 1287

(suggesting that testimony regarding "technical terms in the [CWA] permit might have been permissible had the judge proceeded properly to instruct the jury").

We likewise find no abuse of discretion in the district court's refusal to give the jury Lucero's requested "other waters" instruction. *See United States v. Liew,* 856 F.3d 585, 595–96 (9th Cir. 2017) (reviewing formulation of jury instructions for abuse of discretion). Lucero was not entitled to his proposed "other waters" jury instruction. The superseding indictment did not charge him with discharging pollutants into "other waters," so whether the fill sites could be categorized as "other waters" in addition to "wetlands" or a "tributary" was irrelevant. The regulation, 33 C.F.R. § 328.3(a) (2014), does not suggest mutually exclusive categories, but rather, that a particular area could be both an "other water" (if had the requisite connection to commerce) *and* a "tributary" of another jurisdictional water. *See United States v. Barragan*, 871 F.3d 689, 710 (9th Cir. 2017) (explaining that a defendant is only entitled to an instruction on a defense theory that has some foundation in the evidence presented, is supported by law, and is not adequately covered by other instructions). Lucero's ability to convince the jury that the government couldn't have convicted him under an "other waters" theory of jurisdiction is irrelevant to whether he discharged into a "tributary." In any case, Lucero was able to cross-examine the experts on their definitions of the waters of the United States, as well as argue that these sites were not actually a "wetlands" or

3

"tributary." Finally, the jury was instructed that Lucero was "not on trial for any conduct or offense not charged in the indictment," and was further instructed on what those charges were: discharges into wetlands and a tributary.[1]

For the same reasons, the district court did not abuse is its discretion in excluding the declaration of EPA Agent Su. *See United States v. Orm Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012) ("[W]e review the district court's evidentiary rulings for abuse of discretion."). It is irrelevant that the government initially sought to prosecute Lucero for discharging into "other waters" and then changed its theory of the case to an overlapping category of waters of the United States, e.g., a "tributary." Whether Tributary 1 was also an "other water[]" as defined by the regulation has no tendency to prove or disprove whether it was also a "tributary"—which is the relevant category of "water of the United States" charged in the operative indictment. Accordingly, the district court reasonably determined that the declaration was either categorically irrelevant, or alternatively, that its probative value would be substantially outweighed by prejudice or confusion of the issues.

---

[1] Lucero's argument about the "other waters" instruction being important to prevent confusion about "adjacency" is also without merit. The district court's instructions correctly used the term "adjacent" only with respect to "wetlands." The jury convicted Lucero under the instructions given, which indicates that it concluded the Count I fill site constituted "wetlands."

4

According, the conviction is **AFFIRMED in PART and REVERSED and REMANDED** as set forth in the concurrently filed published opinion.